# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARTIN SATERSTAD and
RICHARD SATERSTAD,

        Plaintiffs,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

Case No. 2:16-cv-01702-JCM-GWF

**ORDER**

Application to Proceed *in Forma Pauperis* (#1) and Screening of Complaint (#1-1)

This matter comes before the Court on Plaintiffs' Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on July 18, 2016. Also before the Court are Plaintiff's Applications to Proceed *in Forma Pauperis* (ECF Nos. 2 and 3), filed September 6, 2016.

## BACKGROUND

Plaintiffs' complaint is brought pursuant to 42 U.S.C. § 1983. Plaintiffs allege that officers with the Las Vegas Metropolitan Police Department performed an illegal search and seizure of their residence on October 15, 2009 in violation of the Fourth Amendment. Officers arrived at Plaintiffs residence after Plaintiffs called 911 following an alleged armed robbery. Plaintiffs assert that rather than treat Plaintiffs like the victims they were, the police arrested Plaintiffs for murder and then conducted an illegal search of Plaintiffs' residence to gain access to the "Medicinal Marijuana grow" that Plaintiff, Richard Saterstad, had in his room. Plaintiffs argue that their rights have been continually violated since that time and they now seek compensatory damages.

## DISCUSSION

**I.    Application to Proceed *In Forma Pauperis***

The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or

case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees; nonetheless, he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). It is within the discretion of the court to deny a request to proceed *in forma pauperis* if an individual is unable or unwilling to verify his or her poverty and the court determines that the individual's allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2); *see, e.g., Martin v. Hahn*, 271 F. App'x 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately").

Here, Plaintiffs have requested to proceed in this case *in forma pauperis* and have submitted affidavits detailing their inability to prepay the fees and costs associated with bringing this action or give security for them. However, Plaintiff's failed to submit an application on the Court's approved form. *See Local Rule of Special Proceedings (LSR) 1-1* ("The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."). Without this information, the Court is unable to verify Plaintiffs' poverty allegations and determine whether Plaintiffs are eligible to proceed *in forma pauperis*. Therefore, the Court will deny Plaintiffs' applications without prejudice and instruct the Clerk of the Court to mail Plaintiffs a copy of the long form application (AO 239).

## II. Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

. . .

3

**III.    Instant Complaint**

Because the Court has not yet granted Plaintiffs' requests to proceed *in forma pauperis*, it is not required to screen Plaintiffs' complaint at this time. However, in the interests of judicial economy, the Court will screen Plaintiffs' complaint so that they may be able to properly amend it and file it concurrently with their amended applications to proceed *in forma pauperis*.

**A.    Plaintiff's § 1983 Claim**

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). In order to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**1.    State of Nevada**

States are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Jackson v. Barnes*, 749 F.3d 755, 764 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 980 (2015). Therefore, § 1983 claims against states are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). As a result, Plaintiffs' claims against the State of Nevada cannot proceed.

**2.    Clark County and Las Vegas Metropolitan Police Department**

"[A] municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016). "In order to establish municipal liability, a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Id.* Plaintiffs have not clearly identified a policy or custom enacted by Clark County or LVMPD that caused the alleged constitutional violations. Therefore, the Court will dismiss Plaintiffs' § 1983 claims against Clark County and LVMPD without prejudice, and will give Plaintiffs leave to amend their complaint to state sufficient facts to state a claim, if they are able to do so.

### 3. District Attorney's Office

State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009); *Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997). "[T]he functional nature of the activities being performed, not the status of the person performing them, is the key to whether absolute immunity attaches." *Stapley v. Pestalozzi,* 733 F.3d 804, 810 (9th Cir. 2013). As such, prosecutorial immunity does not extend to those actions of a prosecutor which are "administrative" or "investigative" in nature. *See Van de Kamp*, 555 U.S. at 342-43 (explaining that prosecutorial immunity does not apply, for example, when prosecutor gives advice to police during a criminal investigation, makes statements to the press, or acts as a complaining witness in support of a warrant application).

It appears that Plaintiffs intend to sue the prosecutors in the District Attorney's Office because they "moved forward with the prosecution of Plaintiffs, based on the results of a warrantless search of plaintiffs' rooms ... As well as failing to charge the armed intruders with any charges ..." *Complaint* (ECF No. 1-1), ¶ 4. These claims relate to functions performed by the (unnamed) prosecutors that are intimately associated with the judicial phase of the criminal process. Therefore, Plaintiffs claims against the prosecutors in the District Attorney's Office must be dismissed on the grounds of prosecutorial immunity.

If Plaintiffs elects to proceed in this action by filing an amended complaint, they are informed that the court cannot refer to a prior pleading in order to make their amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiffs file an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiffs are advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiffs fail to file an amended complaint or fail to cure the deficiencies identified above, the

Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Applications to Proceed *in Forma Pauperis* (ECF Nos. 1, 2, and 3) are **denied**, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail Plaintiff a copy of the long form application to proceed *in forma pauperis* (AO 239). Plaintiff will have until **October 13, 2017** to file the long form application to proceed *in forma pauperis*. Alternatively, Plaintiff shall pay the four hundred dollar ($400) filing fee accompanied by a copy of this Order, on or before **October 13, 2017**. Failure to comply with the terms of this Order will result in a recommendation to the District Judge that this case be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Clark County and the Las Vegas Metropolitan Police Department are **dismissed** without prejudice with leave to amend. Plaintiffs shall have until **October 13, 2017** to file an amended complaint correcting the noted deficiencies.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiffs claims against the State of Nevada and the prosecutors at the District Attorney's Office be **dismissed** with prejudice for failure to state a claim upon which relief may be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 13th day of September, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge