## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARTIN SATERSTAD and )
RICHARD SATERSTAD, )
               Plaintiffs, )   Case No. 2:16-cv-01702-JCM-GWF
vs. )   **ORDER**
CAPTAIN MACZALA, C. #3231, *et al.*, )
               Defendants. )

This matter comes before the Court on Plaintiffs' Applications to Proceed *in Forma Pauperis* (ECF Nos. 6 and 7), filed on October 12, 2017. Also before the Court is the screening of Plaintiffs' Amended Complaint (ECF No. 5), filed on October 6, 2017.

## BACKGROUND

Plaintiffs' complaint is brought pursuant to 42 U.S.C. § 1983. Plaintiffs allege that officers with the Las Vegas Metropolitan Police Department performed an illegal search and seizure of their residence on October 15, 2009 in violation of the Fourth, Fifth and Eighth Amendments. Officers arrived at Plaintiffs residence after Plaintiffs called 911 following an alleged armed robbery. Plaintiffs assert that rather than treat Plaintiffs like the victims they were, the police arrested Plaintiffs for murder and then conducted an illegal search of Plaintiffs' residence to gain access to the "Medicinal Marijuana grow" that Plaintiff, Richard Saterstad, had in his room. Plaintiffs argue that their rights have been continually violated since that time and they now seek compensatory damages. Plaintiffs also argue that they have been subjected to libel and slander due to the media's portrayal of them as murderers.

. . .

**DISCUSSION**

I. **Application to Proceed *In Forma Pauperis***

Plaintiffs filed this instant action and attached financial affidavit to their applications and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiffs' financial affidavits pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiffs are unable to pre-pay the filing fee. As a result, Plaintiffs' requests to proceed *in forma pauperis* in federal court are granted.

II. **Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*,

449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.     Instant Complaint**

    **A.     Plaintiff's § 1983 Claim**

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). In order to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

    **A.     Municipal Employee Liability Under § 1983** - *Monell* **Claim**

To succeed on a *Monell* official-capacity action against a municipality's employee (*e.g.*, a police officer), a plaintiff must demonstrate that a policy or custom of an entity contributed to the violation of federal law. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). In order for a plaintiff to establish personal liability in a 1983 action, it is enough to show that the municipal employee, acting under color of state law, caused the constitutional violation. *Id.*; *see, e.g., Monroe v. Pape,* 365 U.S. 167 (1961).

Plaintiffs list 49 officers (including Caption Maczala) as defendants in this case. Plaintiffs state that Caption Maczala is "legally responsible for overseeing the operations of his officers" and states that the other 48 officers "held the ranks listed, and were assigned to the area of Las Vegas in

question." *Amended Complaint* (ECF No. 5), pgs 4:16 and 5:8-9. Plaintiffs, however, do not indicate which officers actually conducted the allegedly illegal search of their residence. As a result, the Court is unable to find that Plaintiffs have stated a Fourth or Fifth Amendment violation claim against the officers who conducted the search in their individual capacities. Plaintiffs have also failed to demonstrate what policy or custom contributed to the alleged violations of their constitutional rights. Therefore, notwithstanding Plaintiffs' failure to specifically identify the officers who conducted the search, Plaintiffs have failed to state a claim against the officers in their official capacity. The Court will allows Plaintiffs one more chance to amend their complaint to state sufficient facts to state both an individual and official capacity claim.

### B. Plaintiffs' Eight Amendment Claim

Plaintiffs' Eighth Amendment claims appear to be improper. The Eighth Amendment does not give rise to a claim by a pretrial detainee. *Graham v. Connor*, 490 U.S. 386, 398–99, 109 S.Ct. 1865, 1873, 104 L.Ed.2d 443 (1989)(stating that the "Eighth Amendment standard applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.")(quoting *Ingraham v. Wright*, 430 U.S. 651, 671, n. 40, 97 S.Ct. 1401, 1412, n. 40, 51 L.Ed.2d 711 (1977)). The Eighth Amendment is only implemented post conviction, when the injury suffered is "part of the total punishment to which the individual is being subjected for his crime." *Ingraham*, 430 U.S. at 669. Plaintiffs complaint does not reference any facts that could sustain a claim under the Eighth Amendment. Rather, Plaintiffs argue that excessive force was used during the search of their residence, not post-conviction. Therefore, the Court will dismiss Plaintiffs' Eighth Amendment claim without prejudice.

### B. Plaintiffs' Claims for Libel and Slander

Plaintiffs assert claims for libel and slander that resulted from the media's portrayal of them as murderers. Plaintiffs assert that because they were wrongfully charged with murder (which, allegedly, was later dropped) the media wrote articles entitled "Two brothers charged with murder." *Amended Complaint* (ECF No. 5), pg. 6. Plaintiffs argue that they continue to suffer the ramifications from these articles because they will now have difficulty finding employment.

Defamation is a false written or oral statement that damages another's reputation. Black's

Law Dictionary (10th ed. 2014). To assert a defamation of character claim in Nevada, the plaintiff must prove (1) a false and defamatory statement by a defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *See Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 718, 57 P.3d 82, 90 (2002); Restatement (Second) of Torts § 558 (1977).

Because Plaintiffs' complaint does not specifically reference which defendant(s) made the false accusations against them, the Court cannot allow it to proceed at this time. The Court will allow Plaintiffs leave to amend. The second amended complaint should identify which defendant officer(s) made the arrest and false accusations against them.

If Plaintiffs elects to proceed in this action by filing a second amended complaint, they are informed that the court cannot refer to a prior pleading in order to make their second amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiffs file a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiffs are advised that litigation will not commence upon the filing of a second amended complaint. Rather, the Court will need to conduct an additional screening of the second amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiffs fail to file a second amended complaint or fail to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Applications to Proceed *in Forma Pauperis* (ECF Nos. 6 and 7) are **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **dismissed** without prejudice with leave to amend. Plaintiffs shall have until **January 8, 2018** to file a second amended complaint correcting the noted deficiencies.

DATED this 6th day of December, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge