# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARTIN SATERSTAD and  
RICHARD SATERSTAD,  

        Plaintiffs,  

vs.  

CAPTAIN MACZALA, C. #3231, *et al.*,  

        Defendants.

Case No. 2:16-cv-01702-JCM-GWF

**ORDER**

This matter comes is before the Court on the Screening of Plaintiffs' Amended Complaint (ECF No. 10), filed on January 8, 2018.

## BACKGROUND

Plaintiffs' complaint is brought pursuant to 42 U.S.C. § 1983. Plaintiffs allege that officers with the Las Vegas Metropolitan Police Department performed an illegal search and seizure of their residence on October 15, 2009 in violation of the Fourth Amendment. Officers arrived at Plaintiffs residence after Plaintiffs called 911 following an alleged armed robbery. Plaintiffs assert that rather than treat Plaintiffs like the victims they were, the police arrested Plaintiffs for murder and then conducted an illegal search of Plaintiffs' residence to gain access to the "Medicinal Marijuana grow" that Plaintiff, Richard Saterstad, had in his room. Plaintiffs argue that their rights have been continually violated since that time and they now seek compensatory damages. Plaintiffs also argue that they have been the victims of libel and slander based on the October 2009 incident and arrest.

. . .

# **DISCUSSION**

## I. Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     Instant Complaint

### A.     Municipal Employee Liability Under § 1983 - *Monell* Claim

42 U.S.C. § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir.1995). Traditionally, the requirements for relief under § 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.1991).

State officials sued in their official capacity for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997). Official-suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, in an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. *Id.*; *See also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–92 (1978).

State officials sued in their individual capacity are persons for purposes of § 1983. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). Individual-capacity suits seek to impose personal liability upon a government official for actions the official takes under color of state law. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Liability in a individual-capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. *See Id.* at 166. The official in an individiual-capacity suit may, depending upon the facts, be able to establish immunity from claims for damages. *See Id.* at 166–67. Police officers, however, are not entitled to absolute immunity.

*See Imbler v. Pachtman*, 424 U.S. 409, 418–19 (1976).

### i. Fourth Amendment Claims for Unlawful Search and Seizure

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." A "seizure" of property occurs whenever "there is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook County, III*, 506 U.S. 56, 61 (1992). The destruction of property is considered "meaningful interference" and qualifies as a seizure under the Fourth Amendment. *Fuller v. Vines*, 36 F.3d 65, 68 (9th Cir.1994), *overruled on other grounds, Robinson v. Solano County*, 278 F.3d 1007, 1013 (9th Cir.2002).

To succeed on a Fourth Amendment claim for unlawful seizure, a plaintiff must not only show that a seizure occurred, but also that the seizure was unreasonable. *Brower v. County of Inyo*, 489 U.S. 593, 599 (1989). A court must consider the totality of the circumstances and balance "the nature of the quality and quantity of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake" to determine whether the force used to effect a particular seizure was reasonably necessary. *Graham v. Connor*, 490 U.S. 386, 396 (1989)(internal quotations and citation omitted), "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id*. at 396–97, Fourth amendment claims are reviewed for objective reasonableness because the subjective intent of the defendant is irrelevant. *Brower*, 489 U.S. at 599.

Here, Plaintiffs list 49 officers (including Caption Maczala) as defendants in this case both in their official and individual capacities. Plaintiffs argue that these officers conducted an illegal search and seizure of their home, which has caused them significant hardship. Specifically, on October 15, 2009, Plaintiffs reported an attempted robbery of their residence which resulted in one man being fatally shot. Plaintiffs assert that rather than being treated as the victims they were, the listed officers arrested Plaintiffs for murder and then illegally searched their residence claiming exigent circumstances. This search allegedly resulted in significant property damage to the home

and in the loss of marijuana "growing equipment" including a significant amount of marijuana that Plaintiffs allegedly sold to individuals who held a Nevada Medical Marijuana card as well as local dispensaries. Plaintiffs additionally argue that the Las Vegas Metropolitan Police Department has a policy, practice or custom of improperly claiming exigent circumstances and ignoring victims statements in order to conduct improper searches and seizures. *Second Amended Complaint* (ECF No. 10), 4.

Based on the allegations contained in Plaintiffs second amended complaint, the Court finds that Plaintiffs have sufficiently stated a Fourth Amendment claim against the Defendant officers in both their official and individual capacities.

### ii. Fifth Amendment Due Process Violation

The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary government action by prohibiting states from depriving people of "life, liberty, or property without due process of law." U.S. Const. amend. XIV. In order to prevail on a claim of deprivation of liberty without due process of law, a plaintiff must first establish the existence of a liberty interest. After meeting this threshold requirement, the plaintiff must then demonstrate that defendants failed to provide the process due. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Plaintiffs' due process claim asserts the same factual circumstances that give rise to their Fourth Amendment claim. Therefore, it must be dismissed. *See United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."); *See also Graham*, 490 U.S. at 394.

### B. Plaintiffs' Claims for Libel and Slander

Plaintiffs assert claims for libel and slander that resulted from the media's portrayal of them as murderers. Plaintiffs assert that because they were wrongfully charged with murder (which, allegedly, was later dropped) the media wrote articles entitled "Two brothers charged with murder." *Second Amended Complaint* (ECF No. 10), 11. Plaintiffs argue that they continue to suffer the ramifications from these articles because they will now have difficulty finding employment.

Defamation is a false written or oral statement that damages another's reputation. Black's

Law Dictionary (10th ed. 2014). To assert a defamation of character claim in Nevada, the plaintiff must prove (1) a false and defamatory statement by a defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *See Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 718, 57 P.3d 82, 90 (2002); Restatement (Second) of Torts § 558 (1977).

Plaintiffs' complaint states that Lieutenant L. Roberts "was the officer who went on the news, and made the false statements against the plaintiffs. These statements were erroneous, and have had long lasting ill-effects against the plaintiffs." *Second Amended Complaint* (ECF No. 10), 9. Based on this allegation, the Court finds that Plaintiffs have sufficiently stated a claim for defamation and it may proceed.

### C. Plaintiffs Fraud Claim

Plaintiffs's second amendment complaint states that they are bringing a claim for "fraud." However, there are no specific facts to support a fraud claim. Therefore, the Court will dismiss that claim without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Fourth Amendment and Defamation claims may proceed.

**IT IS FURTHER ORDERED** that Plaintiff's Fraud claim is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Second Amended Complaint (ECF No. 10).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants named in the complaint and deliver the summons to the U.S. Marshal for service. The Clerk of the Court shall send the required USM-285 forms to Plaintiffs. Plaintiffs shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiffs receive copies of the completed USM-285 forms from the U.S. Marshal, they have twenty (20) days to file a notice with the court identifying if Defendants were served. If Plaintiffs wish to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some

other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety (90) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiffs shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiffs shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiffs' Fifth Amendment Due Process claim be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of March, 2018.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge