UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN SATERSTAD, et al., | Case No. 2:16-CV-1702 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| THE STATE OF NEVADA, et al., | |
| Defendant(s). | |

Presently before the court is defendants' motion to dismiss.[1] (ECF No. 26). *Pro se* plaintiffs Martin Saterstad and Richard Saterstad (collectively, "plaintiffs") filed a late response (ECF No. 32), to which defendants replied (ECF No. 33).

Also before the court is plaintiffs' motion to extend time to file a response. (ECF No. 29). Defendants filed a response to the motion. (ECF No. 30). Plaintiffs have not filed a reply, and the time to do so has passed.

**I.  Facts**

Plaintiffs initiated this § 1983 civil rights action, *pro se*, on July 18, 2016. (ECF No. 1). Thereafter, plaintiffs filed an amended complaint on January 8, 2018. (ECF No. 10).

In their amended complaint, plaintiffs allege that several armed individuals attempted to invade their home and commit a robbery on October 15, 2009. (ECF No. 10 at 10). Plaintiffs and their dogs confronted the intruders and an altercation ensued. *Id.* During the altercation, one of

---

[1] The motion to dismiss has been filed on behalf of more than 50 named defendants to this action, all of whom are officers with the Las Vegas Metropolitan Police Department. *See* (ECF No. 26).

**James C. Mahan**
**U.S. District Judge**

the plaintiffs fatally shot one of the intruders. *Id.* The other intruders fled the scene and plaintiffs called 9-1-1 for assistance. *Id.*

When police arrived, the officers allegedly handcuffed plaintiffs, denying them medical treatment for injuries they sustained in the altercation. *Id.* Officers then conducted a search of the residence based on purported "exigent circumstances." *Id.* While conducting the search, officers found marijuana plants and marijuana "grow" equipment. *Id.* As a result of the altercation that left one man dead and the search that revealed the marijuana contraband, both plaintiffs were arrested and transported to the Clark County Detention Center ("CCDC"), where they were charged with murder. *Id.* at 10–11.

While the murder charges were ultimately dismissed by the Clark County district attorney's office, both plaintiffs were charged with several drug offenses and possession of a firearm by an ex-felon. (ECF No. 26 at 3). Martin Saterstad pleaded guilty in federal court to two crimes (felon in possession of a firearm and possession of marijuana with intent to distribute). (ECF No. 10 at 11); (ECF No. 26 at 4). He was sentenced to five years' imprisonment for those convictions. *Id.*

In May 2012, all of the state charges against plaintiff Martin Saterstad were dismissed. *Id.* at 4. Thereafter, in July 2013, the drug-related charges against Richard Saterstad were dismissed after a state court judge ruled that the initial search of plaintiffs' home violated the Fourth Amendment. *Id.* (ECF No. 10 at 10). Accordingly, plaintiffs initiated the instant action on July 18, 2016, asserting various claims under 42 U.S.C. § 1983. (ECF No. 1).

Magistrate Judge Foley ("Judge Foley") screened plaintiffs' amended complaint on March 6, 2018, identifying plaintiff's claims as: (1) municipal employee liability under § 1983 (*Monell* claim); (2) Fourth Amendment claim for unlawful search and seizure; (3) Fifth (and Fourteenth) Amendment due process violations; (4) libel, slander, and/or defamation; and (5) fraud. (ECF No. 12). Because plaintiffs' due process claim asserted the same factual circumstances as their Fourth Amendment claim, Judge Foley recommended that the due process claim be dismissed with prejudice. *Id.* Judge Foley also recommended dismissal of plaintiffs' fraud claim for their failure to plead sufficient facts to support the claim. *Id.*

James C. Mahan
U.S. District Judge

- 2 -

On April 2, 2018, the court adopted Judge Foley's recommendations, thereby dismissing plaintiffs' third and fifth claims. (ECF No. 14). Plaintiffs' *Monell*, Fourth Amendment, and "libel, slander, and/or defamation" claims were allowed to proceed. *Id.* Defendants now move to dismiss this action in its entirety. (ECF No. 26).

## II.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

**James C. Mahan**
**U.S. District Judge**

- 3 -

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As a preliminary matter, the court finds good cause to grant plaintiffs' motion to extend time to file a response to defendants' motion to dismiss. (ECF No. 29). The Ninth Circuit's well-established precedent holds that cases should be decided on the merits whenever possible. *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Accordingly, the court will grant plaintiffs' motion to extend time, and will consider plaintiffs' response in deciding defendants' motion to dismiss.

Plaintiffs have three remaining claims in this action: (1) Fourth Amendment unlawful search and seizure; (2) "libel, slander, and/or defamation"; and (3) *Monell* claim. *See* (ECF No. 12). The court will address plaintiff's remaining claims in turn.

    a. *Fourth Amendment unlawful search and seizure claim*

Defendants argue that plaintiffs' Fourth Amendment unlawful search and seizure claim must be dismissed as time-barred by the applicable statute of limitations. (ECF No. 26).

Plaintiffs' Fourth Amendment claim arises under 42 U.S.C. § 1983, which is the mechanism by which individuals may seek redress from "unconstitutional action under color of state law." *Mitchum v. Foster*, 407 U.S. 225, 242 (1972). The statute of limitations applicable to civil rights claims under 42 U.S.C. § 1983 is that which applies to state law personal injury actions. *See Jones v. Blanas*, 393 F. 3d 918, 927 (9th Cir. 2004); *McDougal v. County of Imperial*, 942 F.2d 668, 672 (9th Cir. 1991). In Nevada, the statute of limitations for personal injury actions is

two years.  *See* N.R.S. 11.190(4)(e); *Perez v. Seevers,* 869 F.2d 425, 426 (9th Cir. 1989) (interpreting Nevada law and applying a two-year statute of limitations).

"Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153–54 (9th Cir. 2000) (citation omitted).  Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 1154 (citation omitted) (quotations omitted).  Thus, an "action ordinarily accrues on the date of the injury." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (citation omitted) (internal quotations omitted).

Plaintiffs claim that LVMPD officers violated their Fourth Amendment right to be free from unreasonable search and seizure on October 15, 2009, when officers responded to plaintiffs' call regarding the altercation that left one man fatally wounded.  (ECF No. 10); (ECF No. 12 at 4).

Plaintiffs and defendants disagree as to when this claim accrued.  Defendants argue that plaintiffs' claim accrued on October 15, 2009, when the illegal search took place.[2]  Plaintiffs argue that their claim accrued when they first learned that the search was unlawful; *i.e.*, when the state court ruled that the initial search was conducted in violation of the Fourth Amendment in July 2013.  (ECF No. 32 at 3).

As defendants correctly note, plaintiffs' claims are time-barred under either theory of when plaintiffs' claims accrued.  At the very latest, plaintiffs "had reason to know" they were injured in July 2013, when the state court held that the October 2009 search of plaintiffs' home violated the Fourth Amendment.  *See Morales*, 214 F.3d at 1154.  Accordingly, plaintiffs were required to file the instant action sometime in July 2015.  Therefore, because plaintiffs filed the instant action approximately one year past the statute of limitations, in July 2016, the court holds that plaintiffs' Fourth Amendment claim is time-barred and must be dismissed.

. . .

. . .

---

[2] As defendants point out, plaintiffs allege that subsequent searches took place that also violated their Fourth Amendment rights. (ECF No. 10).  However, plaintiffs do not allege the date upon which these subsequent searches took place. *Id.*  However, review of the declaration of arrest attached to plaintiffs' complaint indicates that officers re-entered plaintiffs' home on October 16, 2009 to remove the remaining marijuana grow equipment. (ECF No. 10 at 19).

b. *Libel, slander and/or defamation claim*

The nature of plaintiffs' "libel, slander, and/or defamation" claim is not abundantly clear from the face of this *pro se* complaint. However, it appears that this claim is based on the media's portrayal of plaintiffs as murderers prior to the murder charges against them being dismissed. (ECF No. 10 at 9, 11).

Plaintiffs do not name any media outlets as defendants to this case. Rather, plaintiffs' complaint states that defendant Lieutenant L. Roberts ("Lt. Roberts") "was the officer who went on the news [] and made the false statements against the plaintiffs. These statements were erroneous [] and have had long lasting ill-effects against the plaintiffs." (ECF No. 10 at 9). Plaintiffs further allege that the "release of the [plaintiffs'] names before any facts of the case were known has marked the [plaintiffs] for life. . ." *Id.* at 11.

Because plaintiffs provide no detail as to the specific comments made by Lt. Roberts or when such comments occurred, the court must infer the date upon which plaintiffs' claim accrued. As defendants point out, the thrust of plaintiffs' claim relates to the media's portrayal of them as murderers before the charges against them were dropped. Because plaintiffs allege that the murder charges were dropped "after two weeks," any defamatory statements against them must have been made within two weeks of their October 15, 2009, arrest.

Like plaintiffs' Fourth Amendment claim, the statute of limitations for defamation, libel, and slander claims is two years. *See* NRS 11.190(4)(c); *Lund v. Eight Judicial Dist. Court,* 127 Nev. 358, 364 n.6, 255 P.3d 280, 285 n.6 (2011). The parties do not dispute that plaintiffs' claim accrued on the date that the allegedly defamatory comments were made, whatever that date may be. Accordingly, plaintiffs must have filed their "libel, slander and/or defamation" in or around October 2011. Because plaintiffs filed this action in July 2016, their "libel, slander, and/or defamation" claim is time-barred and must be dismissed.

c. Monell *claim*

In their response to defendants' motion, plaintiffs acknowledge that *Monell* claims apply only to municipalities and that since no municipalities are "listed on the current complaint," their

*Monell* claim appears to be moot. (ECF No. 32 at 10). *See also* (ECF No. 10) (amended complaint). The court agrees.

Indeed, *Monell* claims arise under 42 U.S.C. § 1983 and are the means by which plaintiffs may establish liability for governmental entities whose policies, practices, or customs are "shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Therefore, because plaintiffs' amended complaint lists no municipalities or governmental entities as defendants, plaintiffs have not set forth a valid *Monell* claim and that claim must be dismissed. *See* (ECF No. 10).

However, although plaintiffs acknowledge that they have not asserted a cognizable *Monell* claim, plaintiffs attempt to recharacterize the nature of their claims as ones for civil conspiracy, intentional infliction of emotional distress, and malicious prosecution. *See* (ECF Nos. 12, 32). However, even if the court were to allow plaintiffs to amend their complaint to assert these alternative claims, such claims would still be time-barred.

Indeed, factual premises for plaintiffs' asserted claims all transpired by June 2013 at the latest, when the state court ruled that the initial search of plaintiffs' home was unlawful. Accordingly, all potential tort claims arising therefrom must have been filed by June 2015. Plaintiffs missed that mark by approximately one year.[3] The court thus finds that plaintiffs' complaint is time-barred and must be dismissed, with prejudice.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 26) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion to extend time (ECF No. 29) be, and the same hereby is, GRANTED.

---

[3] Plaintiffs assert that the statute of limitations should be tolled because they attempted "to first resolve this matter by tort, then filing in the 8th Judicial District." (ECF No. 32 at 9–10). However, plaintiffs provide no detail or evidence of their attempt to assert these claims in state court. Therefore, the court need not consider this argument.

James C. Mahan
U.S. District Judge

- 7 -

IT IS FURTHER ORDERED that plaintiffs' amended complaint (ECF No. 10) be, and the same hereby is, DISMISSED with prejudice.

The clerk of court is instructed to enter judgment accordingly and close the case.

DATED July 31, 2019.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 8 -